

## VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Pluyd Coleman Jr.,
Plaintiff,

2:26-cv-00018-RFB-BNW

v.

Ken Paxton, Attorney General of Texas, in his OFFICIAL capacity; and JOHN/JANE DOES 1–10, enforcement officials of the Texas Office of the Attorney General, in their INDIVIDUAL capacities,
Defendants.

## I. INTRODUCTION

1. This is a federal civil rights action arising from interstate child-support enforcement actions taken without service, notice, or jurisdiction, resulting in the denial of Plaintiff's passport in or about May 2024, false reporting of approximately $39,000 in arrears, and ongoing deprivation of liberty, credit access, and the ability to earn income.

2. The underlying child-support matter originated in Colorado and was closed after Plaintiff submitted medical documentation, including a lifetime disability determination following a serious automobile accident.

3. Despite closure of the underlying matter, Defendants later initiated and continued enforcement actions from Texas without issuing a summons, providing notice, or affording Plaintiff any hearing or opportunity to be heard.

4. Plaintiff seeks declaratory and injunctive relief to immediately halt void enforcement actions and restore passport eligibility, as well as compensatory and punitive damages for constitutional violations.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments to the United States Constitution.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in Clark County, Nevada, and the injuries complained of—including passport denial, credit harm, and liberty deprivations—were suffered in this District.

## III. PARTIES

7. Plaintiff Pluyd Coleman Jr. is a resident of Clark County, Nevada.

8. Defendant Ken Paxton is the Attorney General of Texas and is sued in his official capacity for prospective declaratory and injunctive relief.

9. Defendants John/Jane Does 1–10 are enforcement officials who authorized, processed, or continued child-support enforcement actions without notice or jurisdiction and are sued in their individual capacities for damages.

## IV. STATEMENT OF FACTS

10. The child-support matter at issue originated in the State of Colorado and was subsequently closed after Plaintiff submitted medical documentation establishing a lifetime disability.

11. Plaintiff received no summons, hearing notice, administrative determination, or service of any kind from Texas or any other jurisdiction after the underlying matter was closed.

12. In or about May 2024, Plaintiff learned for the first time of alleged child-support arrears when his passport application was denied by the United States Department of State based on information transmitted through child-support enforcement channels.

13. Prior to the passport denial, Plaintiff had no knowledge of any alleged arrears, enforcement action, or pending proceeding.

2

14. Plaintiff was not served personally, by mail, electronically, or by any method reasonably calculated to provide notice, in violation of fundamental due process.

15. Upon inquiry, Plaintiff discovered that Defendants were falsely reporting approximately $39,000 in child-support arrears despite the closure of the underlying Colorado matter and Plaintiff's documented lifetime disability.

16. Defendants initiated and/or continued enforcement actions without jurisdiction, without a valid underlying order, and without providing Plaintiff an opportunity to contest the alleged debt.

17. Defendants' actions resulted in the wrongful denial of Plaintiff's passport, interference with interstate and international travel, damage to Plaintiff's credit and reputation, and impairment of Plaintiff's ability to earn income.

18. At no time did Defendants provide Plaintiff with a pre-deprivation hearing or a constitutionally adequate post-deprivation remedy.

19. Defendants' conduct constitutes a continuing violation, as the false arrears reporting and resulting passport denial remain in effect.

## V. CAUSES OF ACTION

### COUNT I

Violation of Procedural Due Process

(42 U.S.C. § 1983 – Fifth and Fourteenth Amendments)

20. Plaintiff incorporates by reference paragraphs 1 through 19.

21. Defendants, acting under color of state law, deprived Plaintiff of protected liberty and property interests without notice or an opportunity to be heard.

22. Defendants' failure to provide service, notice, or a hearing before imposing enforcement measures violates clearly established constitutional rights.

23. Defendant Ken Paxton, in his official capacity, is responsible for policies, practices, and customs that permit or allow enforcement without ensuring jurisdiction and notice.

24. Defendants John/Jane Does acted knowingly, recklessly, or with deliberate indifference to Plaintiff's constitutional rights.

## COUNT II

**Declaratory Relief**

(28 U.S.C. §§ 2201–2202)

25. Plaintiff incorporates by reference paragraphs 1 through 24.

26. An actual and justiciable controversy exists regarding the validity of Defendants' enforcement actions.

27. Plaintiff seeks a declaration that:

   a. Enforcement actions taken without service or notice are void ab initio;

   b. The alleged arrears are unenforceable absent jurisdiction and due process;

   c. The passport denial based on such enforcement is unlawful.

## COUNT III

**Injunctive Relief**

28. Plaintiff incorporates by reference paragraphs 1 through 27.

29. Plaintiff faces ongoing and irreparable harm for which there is no adequate remedy at law.

30. Plaintiff seeks injunctive relief ordering Defendants to:

4

a. Cease all child-support enforcement actions against Plaintiff;

b. Correct and withdraw all false arrears reporting;

c. Notify all relevant agencies that no enforceable arrears exist;

d. Take all necessary steps to restore Plaintiff's passport eligibility.

**COUNT IV**

**Damages Against Individual Defendants**

**(42 U.S.C. § 1983)**

31. Plaintiff incorporates by reference paragraphs 1 through 30.

32. Defendants John/Jane Does knowingly or recklessly participated in enforcement without jurisdiction or notice.

33. Plaintiff has suffered economic loss, emotional distress, and loss of liberty as a direct and proximate result.

34. Plaintiff seeks compensatory and punitive damages against the individual Defendants to deter similar misconduct.

**VI. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Declare Defendants' enforcement actions void for lack of jurisdiction and due process;

B. Issue preliminary and permanent injunctive relief halting enforcement and restoring passport eligibility;

C. Award compensatory damages in an amount to be proven at trial;

D. Award punitive damages against individual Defendants;

E. Award costs and attorney's fees pursuant to 42 U.S.C. § 1988;

F. Grant such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VERIFICATION

I, Pluyd Coleman Jr., declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 6th day of January, 2026, in Clark County, Nevada.

By: *[signature]*

Pluyd Coleman Jr., Pro Se

Plaintiff