2:26-cv-00018-RFB-BNW

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Pluyd Coleman Jr., appearing pro se, respectfully moves this Court for the issuance of an emergency Temporary Restraining Order ("TRO") and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65.

This motion is based on the accompanying Verified Complaint, the Declaration of Plaintiff, the record herein, and the inherent equitable powers of this Court.

## I. INTRODUCTION

This case presents a straightforward constitutional failure: Defendants initiated and continue interstate child-support enforcement actions without service, notice, or jurisdiction, resulting in the ongoing denial of Plaintiff's passport and deprivation of fundamental liberty interests. Absent immediate injunctive relief, Plaintiff will continue to suffer irreparable harm for which there is no adequate remedy at law.

## II. LEGAL STANDARD

A TRO and preliminary injunction are warranted where the moving party demonstrates:

(1) a likelihood of success on the merits;

(2) a likelihood of irreparable harm in the absence of preliminary relief;

(3) that the balance of equities tips in the movant's favor; and

(4) that an injunction is in the public interest.



FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 0 6 2026

7

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

## III. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

Defendants imposed enforcement measures, including passport denial, without serving Plaintiff with any summons, notice, or opportunity to be heard. Such actions violate clearly established procedural due process and are void for lack of jurisdiction.

### B. Plaintiff Is Suffering Ongoing Irreparable Harm

The denial of a passport constitutes an ongoing deprivation of liberty, interferes with interstate and international travel, restricts employment opportunities, and causes continuing reputational and economic harm. These injuries cannot be remedied by damages alone.

### C. The Balance of Equities Favors Plaintiff

Plaintiff seeks only to halt unlawful enforcement actions imposed without due process. Defendants suffer no cognizable harm from being restrained from enforcing void actions.

### D. The Public Interest Supports Injunctive Relief

The public has a compelling interest in ensuring that state actors do not deprive individuals of liberty without notice, jurisdiction, or due process.

## IV. RELIEF REQUESTED

8

Plaintiff respectfully requests that this Court issue a Temporary Restraining Order and Preliminary Injunction:

1. Enjoining Defendants and all persons acting in concert with them from continuing any child-support enforcement actions against Plaintiff;

2. Ordering Defendants to immediately withdraw or suspend all arrears reporting related to Plaintiff;

3. Ordering Defendants to take all necessary steps to remove the enforcement basis for Plaintiff's passport denial;

4. Preserving the status quo pending adjudication of this action.

## V. NO SECURITY REQUIRED

Plaintiff requests waiver of any bond requirement, as this action seeks to vindicate constitutional rights and Defendants face no monetary risk.

**DATED** this 6th day of January, 2026.

Respectfully submitted,

*[signature]*

Pluyd Coleman Jr., Pro Se

Plaintiff

9

## ORDER GRANTING TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

This matter came before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction.

Having reviewed the motion, the Verified Complaint, and the record, and good cause appearing,

**IT IS HEREBY ORDERED**:

1. Plaintiff's Emergency Motion is GRANTED.

2. Defendants, their agents, employees, and all persons acting in concert with them are TEMPORARILY RESTRAINED and ENJOINED from initiating or continuing any child-support enforcement actions against Plaintiff Pluyd Coleman Jr.

3. Defendants are ORDERED to immediately suspend and withdraw any arrears reporting related to Plaintiff.

4. Defendants are ORDERED to take all necessary steps to remove the enforcement basis for the denial of Plaintiff's passport.

5. This Order shall remain in effect pending further order of the Court.

6. No bond shall be required.

IT IS SO ORDERED.

DATED this ___ day of _____, 2026.

_____
UNITED STATES DISTRICT JUDGE

10

DATED this 6th day of January, 2026.

Respectfully submitted,

By: /s/ Pluyd Coleman Jr.
Pluyd Coleman Jr., Pro Se

Plaintiff