**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Pluyd Coleman,

              Plaintiff,

   v.

Ken Paxton, et al.,

              Defendants.

Case No. 2:26-cv-00018-APG-BNW

**SCREENING ORDER**

Pro se plaintiff filed an application to proceed *in forma pauperis*. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, this Court will grant his request to proceed *in forma pauperis*. This Court now screens his complaint.

**I.    ANALYSIS**

    **A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In screening a complaint under 28 U.S.C. § 1915(e)(2), it is appropriate for this Court to also screen the complaint for personal jurisdiction and venue. *Murray v. King Cnty. Ct.*, No. 3:23-CV-01899-AR, 2024 WL 169681, at *1 (D. Or. Jan. 16, 2024); *Packwood v. County of Contra Costa*, Case No. 3:22-cv-0219-ART-CLB, 2023 WL 2349390, at *3 (D. Nev. Mar. 2, 2023).

**B.  Screening the complaint**

Plaintiff alleges that Texas Attorney General Ken Paxton, as well as unidentified defendants, improperly initiated and continued child-support enforcement actions against him. According to Plaintiff, this was the case despite the underlying child-support matter in Colorado having been closed after he established a lifetime disability following a serious car accident. According to the complaint, Defendants falsely reported approximately $39,000 in child-support arrears, which resulted in the denial of Plaintiff's passport in May 2024 by the Department of State while he was residing in Nevada. Plaintiff alleges he never received service of process, notice, or a hearing before enforcement actions were taken.

Plaintiff brings § 1983 claims against Attorney General Ken Paxton and several Doe Defendants alleging Fifth and Fourteenth Amendment violations. He seeks compensatory and punitive damages as well as declaratory and injunctive relief.

"An exercise of personal jurisdiction in federal court must comport with both the applicable state's long-arm statute and the federal Due Process Clause." *Burri Law PA v. Skurla*, 35 F.4th 1207, 1212 (9th Cir. 2022). Nevada's longarm statute is co-extensive with federal

standards, so the court may exercise personal jurisdiction if doing so comports with federal constitutional due process. Nev. Rev. Stat. § 14.065(1); *Walden v. Fiore*, 571 U.S. 277, 283 (2014). "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). Accordingly, the court must examine whether its exercise of jurisdiction over defendants would comport with the limits imposed by federal due process.

There are two types of personal jurisdiction that a court may exercise over a defendant: general and specific personal jurisdiction. *Id*. A defendant is typically only subject to general personal jurisdiction in the state where he or she is "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Here, the only identified defendant is a resident of Texas who is being sued for actions taken in Texas. There are no facts that would establish general jurisdiction. The court therefore turns to specific personal jurisdiction.

"Federal due process permits a court to exercise personal jurisdiction over a non-resident defendant if that defendant has at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz* Choloma, S.A., 972 F.3d 1011, 1106, (9th Cir. 2020). The Ninth Circuit uses a three-prong test to analyze whether a party's minimum contacts meet the due process standard for the exercise of specific personal jurisdiction. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022).

"First, the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Glob. Commodities*, 972 F.3d at 1107. Second, the plaintiff's "claim must arise out of or relate to the defendant's forum-related activities." *Id*. Third, the district court's exercise of personal jurisdiction over the defendant must be reasonable. *Id*. "All three prongs must be satisfied [for a court] to assert personal jurisdiction." *LNS Enters.*, 22 F.4th at 859.

Here, the complained-of actions all occurred in Texas in connection with the enforcement of child support judgments. The only connection to Nevada is that Plaintiff has elected to make his residence here and has been affected here by these alleged unconstitutional actions. There is no specific personal jurisdiction over Defendants. Because Plaintiff has not met his burden of establishing the first prong of the specific jurisdiction test, this Court need not address the other two prongs. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

While Plaintiff explains that venue is proper in this District because the harm was felt in Nevada, the court must first establish whether it has personal jurisdiction over out-of-state Defendants before determining whether venue is proper. As explained above, this Court does not have personal jurisdiction over the Defendants. This Court will therefore recommend that the complaint be dismissed without prejudice so that Plaintiff may bring this action in the proper jurisdiction. The Court also recommends that all other pending motions be denied as moot.

**II.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice and without leave to amend in this District.

**IT IS FURTHER RECOMMENDED** that the Motion for a Temporary Restraining Order (ECF No. 2) be **DENIED** as moot.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

**IT IS FURTHER RECOMMENDED** that the motion for Preliminary Injunction (ECF No. 3) be **DENIED** as moot.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 16, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE